IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-74,890-01 & -02




EX PARTE LUDGERIO JUNIOR VAZQUEZ, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 2009-284-C1 & 2009-285-C1 IN THE 19TH DISTRICT COURT
FROM MCLENNAN COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and possession with the intent to deliver a controlled substance. He was sentenced to two
terms of eight years’ imprisonment. He did not appeal his convictions.
            Applicant contends that he was not competent when he pleaded guilty and that trial counsel
advised him to plead guilty even though he explained his mental condition to trial counsel. He also
contends that trial counsel advised him to plead guilty because he had not paid him enough money
for a trial. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000).
In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall order Applicant’s trial counsel to respond to Applicant’s claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall first determine whether Applicant was competent when he pleaded
guilty. The trial court shall then determine whether trial counsel’s advice to Applicant was based on
an economic decision, see Ex parte Briggs, 187 S.W.3d 458, 467 (Tex. Crim. App. 2005), and if so, 
whether Applicant’s pleas were rendered involuntary. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claims for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 17, 2010
Do not publish